UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIUS L. SUMPTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16 CV 737 RWS |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Darius Sumpter moves to supplement his habeas corpus petition, filed under 28 U.S.C. § 2254, with six additional claims for relief. I referred this matter to United States Magistrate Judge Abbie Crites-Leoni for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). The Magistrate Judge recommended that Sumpter's motion be granted with respect to one of his six claims, and denied with respect to the other five claims. Sumpter filed objections to the Magistrate Judge's report, arguing that the U.S. Supreme Court's holding in Martinez v. Ryan, 566 U.S. 1 (2012), allows him to supplement these claims. I have conducted de novo review of Sumpter's motion and have carefully reviewed the record in this case. Based on that review, I agree with the Magistrate Judge, and I will grant Sumpter's motion to amend as to Ground Four and deny it as to Grounds One, Two, Three, Five, and Six.

# BACKGROUND

Sumpter filed his original petition for a writ of habeas corpus under 28 U.S.C. § 2254 on May 23, 2016. His original petition included one trial error claim and ten ineffective assistance of counsel claims. In those claims, Sumpter alleges that (1) the trial court abused its discretion in overruling his motion for a new trial; (2) trial counsel gave Sumpter unreasonable advice to waive his right to a jury trial; (3) trial counsel failed to object to the trial court's finding that he was a persistent offender under Missouri law; (4) appellate counsel failed to object to the trial court's finding that he was a persistent offender under Missouri law; (5) appellate counsel failed to raise a claim that his convictions violated the Double Jeopardy Clause; (6) trial counsel failed to file a motion to dismiss based on the Double Jeopardy Clause; (7) trial counsel failed to object when the trial court excluded portions of his co-defendant, Dorthea Smith's, deposition; (8) trial counsel failed to impeach Dorthea Smith about inconsistencies in her testimony; (9) trial counsel failed to impeach Dorthea Smith about her guilty plea deal; (10) trial counsel failed to investigate whether Sumpter's brother shot the victim; and (11) trial counsel failed to call Derrick Foley, Jr. as a witness at trial.

On June 12, 2017, Sumpter filed a motion to add six new ineffective assistance of counsel claims. These new claims allege that (1) trial counsel failed to request a new preliminary hearing after the prosecution filed amended charging

documents; (2) trial counsel failed to object to the victim's identification of Sumpter at the police lineup and in court; (3) trial counsel failed to make an opening statement; (4) trial counsel failed to adequately investigate Dorthea Smith's guilty plea deal; (5) trial counsel failed to investigate and call a medical expert regarding the victim's identification of Sumpter; and (6) trial counsel failed to consult with and call an expert regarding suggestive police lineup procedures.

In its response to Sumpter's motion, the State of Missouri argued that all of these new claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). On that basis, it requested that the court deny Sumpter's motion. Sumpter argued (1) that his new and original claims are tied to a common core of operative fact and should relate back to satisfy the statute of limitations, (2) that his claim of actual innocence that is not time barred, and (3) that the interests of justice are best served by hearing his new claims.

The Magistrate Judge evaluated these arguments and found that only one of Sumpter's new claims—his fourth claim—arises out of the same conduct, transaction, or occurrence set out in the original pleading. Accordingly, she found that this fourth claim related back to Sumpter's original petition and that it did not violate the statute of limitations. The Magistrate Judge recommended that I grant Sumpter's motion with respect to this claim and deny his motion with respect to the other new claims. Sumpter objects to the Magistrate Judge's report and

recommendation on the basis that <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), allows him to add new ineffective assistance of counsel claims.

## LEGAL STANDARD

I must conduct a de novo review of the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b) to determine if Sumpter's claims are time-barred. If Sumpter's claims violate the one-year federal statute of limitations for prisoners in state custody filing habeas actions, I do not have jurisdiction to hear those claims. 28 U.S.C. § 2244(d)(1). Claims that are filed after the statute of limitations runs may still be joined if they relate back to claims in Sumpter's original petition. Fed. R. Civ. P. 15(c). Claims can only relate back, however, if they arise "out of the conduct, transaction, or occurrence, set out—or attempted to be set out—in the original pleading." <u>Id.</u> In the interpretation of the United States Supreme Court, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005). The events pertaining to the new claims must not be "separate in both time and type" from the events pertaining to the original claims, but rather must "arise from the same core facts." <u>Id.</u> at 657.

## ANALYSIS

In his objection to the Magistrate Judge's report and recommendation, Sumpter argues that the U.S. Supreme Court holding in <u>Martinez v. Ryan</u> allows

him to amend his petition to add ineffective assistance of counsel claims. In Martinez, the Court held that "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial … in the initial-review collateral proceeding…" Martinez v. Ryan, 566 U.S. 1, 17. Procedural default applies when a state court declined to hear a petitioner's claims because the prisoner failed to abide by a state procedural rule. Id. (citing Coleman v. Thompson, 501 U.S. 722, 747-48; Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)). Under those circumstances, a federal court will not review the merits of the petitioner's claims. Id. Martinez v. Ryan does not establish a rule concerning application or tolling of the statute of limitations contained in 28 U.S.C. § 2244(d)(1). See, e.g., Stevenson v. Wallace, No. 4:10CV2055, 2014 WL 307085. Accordingly, Martinez v. Ryan does not provide an exception to the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).

Because the statute of limitations applies, I must consider whether any of Sumpter's claims relate back to his original petition. In his reply brief in support of his motion, Sumpter makes a conclusory statement that all of his claims are tied to a common core of operative facts. (Doc. No. 31, p. 2). He does not explain what that core of operative facts is and why it is common to his claims. Examining his claims more closely, I find that the factual basis of Sumpter's proposed grounds arises from (1) the amended charging documents, (2) the victim's identification of

Sumpter, (3) trial counsel's lack of an opening statement, (4) Dorthea Smith's guilty plea deal, (5) trial counsel's inaction in in not calling a medical expert on the subject of the victim's identification, and (6) police lineup procedures. Only the fourth of these items, i.e., Dorthea Smith's guilty plea deal, was mentioned in Sumpter's original petition. Accordingly, only this ground can be incorporated into Sumpter's amended petition.

In his reply in support of his motion, Sumpter also argued that he makes a claim of actual innocence in his new petition that is not time barred, citing Schlup v. Delo, 513 U.S. 298, 317-23 (1995). The Court in Schlup made clear, however, that claims of actual innocence do not overcome the statute of limitations time bar unless the petitioner offers credible new evidence of innocence. Id. None of Sumpter's new claims allege actual innocence. Accordingly, Schlup does not save Sumpter's claims from the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Finally Sumpter argues that that the interests of justice are best served by hearing his new claims. This standard only applies if I have jurisdiction over Sumpter's new claims.

I do not have jurisdiction over Sumpter's proposed grounds one, two, three, five, and six, because they are time-barred. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations for habeas cases runs from the latest of (A) the date on which judgment against the prisoner became final, (B) the date on which an

unconstitutional state impediment to filing a petition was removed, (C) the date on which the Supreme Court first recognized the asserted constitutional right, or (D) the date on which the factual basis of the petitioner's claims could have been discovered through due diligence. Id. In the absence of any argument or information to the contrary, I will assume that none of these conditions occurred later than May 23, 2016, the date when Sumpter filed his original petition. Sumpter filed his pro se motion to amend his petition on June 12, 2017, more than one year later. As a result, the statute of limitations bars all of his claims that do not relate back to his original petition.

Accordingly,

**IT IS HEREBY ORDERED** that Sumpter's pro so motion to amend his petition is **GRANTED** as to his claim that trial counsel failed to adequately investigate Dorthea Smith's guilty plea deal (grounds four) and **DENIED** as to his other proposed grounds for habeas corpus relief (grounds one, two, three, five, and six).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.