UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIUS L. SUMPTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:16 CV 737 RWS ) |
| MICHAEL BOWERSOX, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Darius Sumpter's petition for writ of habeas corpus. I referred the matter to a United States Magistrate Judge for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). The Magistrate Judge submitted her recommendation that Sumpter's habeas petition be denied [ECF No. 37]. Sumpter filed objections to the Judge's report [ECF No. 44].[1] I have conducted a de novo review of Sumpter's claims, and I have carefully reviewed the record in this case. I adopt the Magistrate Judge's discussion of the factual and procedural background, which comports with my independent review of the record, and to which Sumpter has not objected.

---

[1] I ordered Sumpter to submit his objections to the report and recommendation no later than December 6, 2019. They were not received by the Court until January 2, 2020, but the record indicates Sumpter's initial mailing may have been returned to sender. Sumpter signed and dated his objections November 29, 2019, and I find they were timely filed.

Moreover, based on my de novo review, I agree with and adopt the Magistrate Judge's recommendation that Sumpter's petition should be denied.

In a Missouri trial court in May 2012, the prosecution proved beyond a reasonable doubt that Sumpter threatened victim Terry Washington with a gun, hit Washington in the head with a gun, told others to check Washington's pockets, and shot Washington when Washington tried to run away.  Sumpter was found guilty on charges of attempted first-degree robbery, first-degree assault, and two counts of armed criminal action.  The court sentenced him to concurrent terms of fifteen years' imprisonment each for the attempted robbery and related count of armed criminal action and twenty years' imprisonment for the assault and related count of armed criminal action.

I.      Analysis

In his habeas petition, Sumpter raises eleven grounds for relief.[2]  Sumpter raised the first two grounds on direct appeal and preserved them for review in this Court. Sumpter's remaining nine grounds for relief assert claims of ineffective assistance of trial counsel and direct appeal counsel.  Those remaining nine grounds are procedurally defaulted and lack merit.  I address each below.

---

[2] Sumpter raises his grounds for relief as Attachments A-K to his Petition; I refer to them, in the order he raises them, as Grounds 1-11. Though Sumpter in his petition directs the Court to "See Attachment C" as his first ground, I construe that Sumpter sought judicial review of each attachment to his Petition, and I consider all attached grounds for review in the order they were originally attached.

2

Sumpter's first ground for relief asserts that the trial court abused its discretion when it denied Sumpter's motion for a new trial based on newly discovered evidence. In his objection to the report and recommendation's evaluation of his first ground, Sumpter argues that there was other testimony or evidence of third-party guilt that should "raise questions" as to whether the evidence against Sumpter was fabricated [ECF No. 44, p.3]. Sumpter also repeats his attack on the sufficiency of Washington's identification of Sumpter as an assailant. On appeal, the Missouri Court of Appeals reviewed the evidence from trial and determined that Sumpter's allegations of newly discovered evidence were insufficient to warrant a new trial. The state appellate court also noted that Sumpter's conviction was based on more than just Washington's identification. See Respt's Ex. E, ECF No. 18-5, p.8 (explaining other evidence on which the trial court relied). I find, contrary to Sumpter's objections, that his conclusory assertions do not raise concerns that he was convicted despite being "actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). I agree with the Magistrate Judge's finding that the state court's resolution of Sumpter's motion for a new trial did not result in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

In his second ground for relief, Sumpter argues his trial counsel was ineffective for advising Sumpter to waive his right to a jury trial. Because Sumpter raised this issue before the Missouri Court of Appeals, he must show more than but for counsel's ineffective assistance, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). He must also show that the Missouri Court of Appeals "applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002).

I agree with the Magistrate Judge's finding that Sumpter has not demonstrated his counsel was constitutionally ineffective under this doubly deferential standard. Notably, Sumpter was advised of his right to a jury trial on more than one occasion and knowingly waived the right. The Missouri Court of Appeals addressed this claim on direct appeal and correctly applied the Strickland standard to the factual record. See Respt's Ex. I, ECF No. 18-9, p.4. As a result, on habeas review, Sumpter has not demonstrated that the Missouri Court of Appeals applied Strickland to his case in an objectively unreasonable manner. Bell, 535 U.S. at 699.

Sumpter's remaining grounds for relief also raise claims of ineffective assistance of trial and appellate counsel. Based on my independent review of the case record, I agree with the Magistrate Judge's report and recommendation that each of these grounds is procedurally defaulted. Sumpter did not raise Grounds 3-

11 during his initial-review collateral proceedings. To overcome default, Sumpter argues that the inadequacy of his counsel's assistance during the initial-review collateral proceeding establishes cause for the Court to reach his underlying ineffective assistance of trial counsel claims under Martinez v. Ryan. 566 U.S. 1 (2012). However, to excuse default under Martinez, Sumpter must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit." Martinez, 566 U.S. at 14. Sumpter's underlying ineffective assistance of counsel claims in Grounds 3-11 do not have "some merit" such that the procedural default may be excused.

Sumpter's third ground for relief asserts that Sumpter's trial counsel was ineffective for failing to object when the trial court found that Sumpter was a persistent offender under Missouri law. In his objection to the report and recommendation, Sumpter clarifies that he is not challenging the sufficiency of the evidence proving he was a persistent offender. Instead, Sumpter takes issue with trial counsel's decision not to challenge the designation, because this decision denied Sumpter a procedural right to be designated a persistent offender only after a hearing. Sumpter testified at trial that he was previously convicted of second-degree assault and felony sale of a controlled substance. These convictions make him a persistent offender under Missouri law. Any objection by trial counsel to the trial court's designation would have been meritless. See Thomas v. United States,

5

951 F.2d 902, 905 (8th Cir. 1991) ("Counsel's failure to raise these meritless issues does not constitute ineffective assistance."). As a result, I agree with the Magistrate Judge's determination that Sumpter's underlying ineffective assistance of trial counsel claim in Ground 3 does not have "some merit" as required by Martinez.

Sumpter's fourth and fifth grounds assert ineffective assistance by direct-appeal counsel. As an initial matter, Martinez does not excuse defaulted claims of ineffective assistance of direct appeal counsel. See Dansby v. Hobbs, 691 F.3d 934, 937 (8th Cir. 2012) (declining to extend the Martinez rule to claims of ineffective assistance of direct appeal counsel). Moreover, Sumpter's fourth and fifth grounds lack merit, because the underlying assertions are themselves meritless. The underlying claim in the fourth ground is meritless because the trial record in fact showed Sumpter was a persistent offender. The underlying claim in the fifth ground is meritless because Sumpter was not charged in violation of the Double Jeopardy Clause of the United States Constitution.[3] Under the Strickland v. Washington standard, which the Supreme Court applied to ineffective-assistance-of-appellate-counsel claims in Smith v. Robbins, appellate counsel did not have to raise every non-frivolous claim on appeal, much less a meritless one. C.f. Smith v. Robbins, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a

---

[3] For additional analysis of the double jeopardy issue Sumpter raises, see discussion of Ground 6.

6

merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).  I agree with the Magistrate Judge's recommendation that Sumpter's fourth and fifth grounds are defaulted and meritless.

Sumpter's sixth ground asserts that trial counsel was ineffective for failing to file a motion to dismiss asserting that his convictions for robbery and armed criminal action violate the Double Jeopardy Clause.  Sumpter argues that both charges arise from the same occurrence.  Based on my review of the record, I agree with the Magistrate Judge that the United States Supreme Court's review of Missouri's armed criminal action statute forecloses this line of argument. See Missouri v. Hunter, 459 U.S. 359, 368-69 (1983) ("Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under Blockburger . . . the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.") (contrasting the Missouri armed criminal action statute with the double jeopardy test announced in Blockburger v. United States, 284 U.S. 299 (1932)).

Sumpter's seventh ground asserts that trial counsel was ineffective for failing to object when the trial court refused to admit the deposition of trial witness

7

Dorothea Smith into evidence. Replying to Missouri's argument on this ground, Sumpter acknowledges that a deposition transcript for Dorothea Smith did not exist, and that entire depositions are generally not admissible as substantive evidence. Sumpter does not object to the Magistrate Judge's correct finding that Sumpter admitted his seventh ground was raised in error, and I also find it is meritless.

Sumpter's eighth and ninth grounds raise claims Sumpter's trial counsel was ineffective for failing to impeach Dorothea Smith on various aspects of her testimony and relationship to the case. The record reflects that Sumpter's trial counsel did in fact question Smith about a number of factors bearing on her testimony, including her own involvement in the crime, her guilty plea, her agreement to testify, and any leniency she was offered or received for her cooperation against Sumpter. See Respt's Ex. A, ECF No. 18-1, pp. 144-45. Sumpter's objections to the report and recommendation substantially argue the same grounds as his petition, but they also acknowledge that Sumpter's counsel questioned Smith about her agreement to testify. I agree with the Magistrate Judge's assessment that Sumpter's eighth and ninth grounds are meritless.

Sumpter's tenth and eleventh ground raise additional ineffective-assistance-of-counsel claims in which Sumpter asserts, respectively, that his trial counsel failed to investigate whether his brother Dujuan Sumpter was the shooter, and that

8

his trial counsel failed to call Derrick Foley, Jr. as a witness. These claims are not newly discovered evidence that Sumpter is innocent, contrary to Sumpter's objections to the report and recommendation. These claims are arguments for trial paths not taken by Sumpter's trial counsel. Sumpter testified at sentencing that counsel had investigated and presented the case to Sumpter's satisfaction and that counsel did not fail to investigate or call other witnesses. Each of these claims is therefore foreclosed by Sumpter's own testimony. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). I agree with the Magistrate Judge that the underlying grounds of Sumpter's tenth and eleventh grounds do not have "some merit."

After reviewing the record in this matter de novo, I find that Sumpter is not entitled to habeas relief on any of the grounds raised in his petition. As a result, I will adopt and sustain the report and recommendation of the Magistrate Judge, and I will deny Sumpter's petition.

## II.     Certificate of Appealability

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

9

deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)).

Based on my review, Sumpter has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

### III. Conclusion

For the reasons stated in this Memorandum and Order,

**IT IS HEREBY ORDERED** that the Magistrate Judge's report and recommendation [37] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Darius Sumpter's Petition for Writ of Habeas Corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with the Memorandum and order is entered this same date.

                                             _____
                                             RODNEY W. SIPPEL
                                             UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2020.